JAMES A. WEAVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 8488.   Promulgated October 22, 1927.

Deduction from gross income of cost of stock that became worthless in taxable year allowed.

*Frank J. Albus, Esq.*, for the petitioner.
*P. J. Rose, Esq.*, for the respondent.

This appeal is from the determination by the respondent of a deficiency of $864.72 in the petitioner's income tax for the year 1919. The deficiency arises from the disallowance by the respondent of petitioner's deduction from his income of a loss of $12,600 claimed to have been sustained during the year on account of certain stock owned by him in the Fort Worth Lead & Zinc Co.

### FINDINGS OF FACT.

In 1917 petitioner paid $12,600 in cash for stock in the Fort Worth Lead & Zinc Co., hereinafter sometimes referred to as the corporation. The total stock of the company had a par value of $50,000, all of which was sold at par for cash.

In 1917 the corporation purchased of Roe & Wiley for $12,000 a contract entered into between that concern and Pottorff & Smith for a lease on certain lead and zinc-mining property in Ottawa County, Oklahoma. It paid $5,000 cash and gave its promissory note due in

six months for the remainder. At maturity it took up the note and executed a note in favor of Pottorff & Smith for $7,210. the amount of the original note and the interest due thereon, and as security therefor executed a chattel mortgage on the personal property it had acquired for mining operations on the land covered by the lease contract. It had no written contract with either of these two parties.

The property for which the lease was to be made had on it a water-filled shaft which had not been worked for some years. After making such improvements as were necessary the corporation pumped out the water and made further excavations and improvements costing about $10,000 and also took out some lead and zinc. It borrowed the $10,000 so used, giving its note therefor secured by the endorsement of two of its stockholders. In addition to this $10,000 it also spent the $50,000 received from the sale of stock and $6,000 which it had borrowed and its full receipts from the sale of lead and zinc in pumping and other work in connection with its mining operations. By this time it had ascertained that due to the exceedingly high rate of royalty it had agreed to pay and the decreased prices of zinc and lead, the undertaking was a losing venture. It had also ascertained that the firm of Pottorff & Smith not only had no lease or other interest in the land, but was unable to secure one from the Indian owner.

When the corporation's $7,210 note became due it was unable to pay, and Pottorff & Smith instituted suit for the collection thereof and to foreclose the mortgage on all the buildings, machinery, etc., which the corporation had executed to secure its payment. The corporation filed a cross-bill for damages in the amount of $90,000 on account of fraud and misrepresentation on the part of the plaintiffs in inducing the Fort Worth Lead & Zinc Co. to invest in the mining venture by leading it to believe that the former would execute a lease in its favor when, in fact, there was no true basis for a belief that it could do so.

The trial court held that a cross-complaint for a tort not arising out of the transaction constituting the basis of the suit could not be maintained, refused to admit any testimony in support of the cross-complaint, and judgment in favor of the plaintiff was entered. An appeal was taken to the Supreme Court of Oklahoma, which was decided in 1923, in favor of the appellant and the case was remanded to the trial court for hearing on the merits of the original suit and cross-bill. No further hearing has been had as the defendants considered that no beneficial results could arise therefrom.

There was also a second mortgage on the mining property in favor of Coffey and Renfro for borrowed money, amounting to about $6,000. The record contains no evidence that this has been satisfied.

Early in 1919 the corporation abandoned all mining operations and its property passed into the possession of Pottorff & Smith under the judgment of foreclosure. The machinery was secondhand, having been brought to Oklahoma from the Joplin mines, and was in poor condition at the time it came into the possession of the corporation. It was of no value after the abandonment of the works. The investments made by the Fort Worth Lead & Zinc Co. were all in this venture and it had no assets whatever after the foreclosure of the mortgage, and none of practical value prior to that time after it had spent the $50,000 received from the sale of its capital stock. It paid no state franchise tax subsequent to that for 1918.

OPINION.

LANSDON: The petitioner testified that in December, 1919, he considered his stock in the Fort Worth Lead & Zinc Co. absolutely worthless, and therefore deducted the cost thereof from the gross income shown by his tax return for that year. The Commissioner disallowed the deduction. The evidence indicates clearly that the stock had no value at December 31, 1919. *Henry M. Jones.* v. *Commissioner*, 4 B. T. A. 1286; *Harry H. DeLoss* v. *Commissioner*, 6 B. T. A. 784.

*Judgment of no deficiency will be entered for the petitioner.*

Considered by STERNHAGEN and ARUNDELL.